Whenever you're ready. Good afternoon, and may it please the Court. Nadia Dahab for Plaintiff Areola-Caballero. This case, as the Court is aware, is about the proper scope of a district court's review of its removal jurisdiction in the context of fraudulent joinder. In Plaintiff's view, the district court ran afoul of this court's decision in GrandCare and its decision in Hunter by doing precisely what we read those cases to foreclose. GrandCare holds that if there is any possibility that the plaintiff states a claim against the resident defendant, then remand is required. So what's your strongest claim? What do you think is a colorable claim in the complaint? I think the strongest claim that plaintiffs alleged against the Richards defendant, Your Honor, was the ELL claim, the Employer Liability Law claim. That's a claim that Oregon law allows against owners, employers, both indirect and direct, and general contractors of a workplace or a place of employment that involves risk or danger and places a higher duty of care on those individuals. We allege that the Richards defendants in this case were owners of the premises on which this work was occurring. So you dispute the level of control that the Richardses had for purposes of liability under the ELL but also the OSCA. What alleged facts support this? Can you point me to the first amended complaint in the record for the facts that you're working on? Yeah, sure, Your Honor, absolutely. We allege at the outset of the complaint in paragraph one that the Richards defendants were owners, of course, of the premises. In terms of control that they retained in paragraph 32A, which is at ER 37, we allege that they contracted with inexpensive tree care at all the relevant times and retained the right to control about how an inexpensive tree... You allege that the language is there, but I think Judge Desai was asking about facts. Sure. And as close as I can see, the only facts relevant to your argument, whether or not they're winners or losers, put aside for a second, are that the Richards owned the property, number one, and number two, Mr. Richards was watching out of the window while the work was being done. Is there any other fact that's alleged in the complaint that you think would give rise to their liability? I think, you know, in terms of the allegation of Mr. Richards being present on the property, Your Honor, that's at paragraph 50, which is at ER 46. It's not just that he was watching out the window. I want to clarify that. It's that he was present on the day of the incident, that he was monitoring the progress of the work. I think that's a very different... By looking out the window. Do you have any allegation that he was there telling them how to do the work, instructing them, doing anything else? Your allegation in a complaint that, as you say, has more than 50 paragraphs, is that he was watching it being done out the window. I mean, we allege... And with respect, I think that may be enough, Your Honor. We allege that he was monitoring... I'm not asking whether it's enough. Yeah. I'm just asking you what allegations there are other than those two. Sure, sure. The monitoring allegation, in the same paragraph, there's an allegation that he's in a position to observe the conditions and the safety of what's happening on his property. And then, you know, I think the very... The fact of, you know, the paragraph 32 at ER 37, we allege the right to control, but also say that he has the right to control the manner and method. I think that's an allegation of fact. But that's a legal conclusion, isn't it? There doesn't seem to be any evidence. So he calls the tree service to come there, tells them to do what they do. The incident occurs by the breaking, I take it, of a winch, or the defectiveness of a winch of some kind. And I'm trying to figure out how Mr. Richards is supposed to supervise the winch, or supervise the way that that stuff is being lifted onto something. Again, this may not be fatal to your case, but I'm just trying to figure out what facts are alleged that would lead me to plausibly conclude that. Counsel, isn't this precise? And I understand that there is a question pending, but I'm going to add on to Judge Hurwitz's question, because I think this discussion right here, in my view, is precisely why the cases indicate that these allegations that are at least raising some question about whether or not there is control needs to go beyond this very early stage of litigation to determine. It may very well be true that at some point later in the case, at a motion to dismiss or motion for summary judgment stage, it turns out that there isn't enough in the complaint by alleging, even conclusively, that there was control. Tell us, I mean, I am interested in your conclusion as to why this is enough. Well, I think this is enough to state a colorable claim, right? Absolutely. That the Richards defendants possibly retained a right to control, and right to control is enough to make... Why? Why? Why is it enough? Is the bare allegation of the legal conclusion enough? That's what I'm trying to get at, and I think that's what Judge Hurwitz is trying to get at. I mean, I think that an allegation of the... Sorry, Judge Hurwitz. No, no, and let me just flesh out Judge Kristin's point. If there were a plausible allegation that they've contained the right to control, then it seems to me we would then have to get into a whole series of Oregon cases, which may or may not impose liability under those circumstances, and we'd be back to Judge Desai's point about how sure do we have to be. But I'm trying to find out some factual allegation in this complaint that would allow me to even plausibly conclude that they retained a right to control, and I just don't see one. So that's why I'm asking about that. Sure. And we view the allegation that the Richards defendants retained the right to control, the manner and method, as an allegation of fact, and it may be both a factual question and a legal conclusion, but then the fact that he is out there, that Mr. Richards was present on the day, was monitoring. I think that monitoring allegation is important as to the question of control. Those facts are sufficient at least to give rise to a colorable claim and sort of highlight, I think this whole discussion highlights, maybe this was your point, Judge Desai, that there's enough allegations here and the district court having dismissed this claim finally for lack of jurisdiction and as to the Richards defendants in whole, without any discovery, without any opportunity to cross-examine the Richards defendants on the facts that they allege in their declaration, is precisely the context in which the district court should remand this case to the state court and let that question play out with the benefit of additional fact-finding or further factual development. What about the Royer case? The Royer case, I think, establishes the same things or the same principle with respect to the district court's conclusion that what plaintiff was doing on this property was yard work within the meaning of the householder exemption. The Royer case specifically, in my view, sort of demonstrates this need for factual development. That was a case where the Oregon Court of Appeals found, based on a very, a fully developed factual record in front of an ALJ, in the context of workers' compensation, that what that plaintiff there was doing was yard work or was work that fell within the scope of the householder exemption because of, and it made clear in its opinion, that the location and the nature of the work was essential to that determination. And that court had a full factual record to make its determination that that was a non-commercial I think that's right. And so that's why, and I just want to give you a chance to respond to this, this seems to me to be the, you know, there's a bandwidth of what kind of work that could mean, what could be encompassing in yard work, but these were really tall trees that have to be taken down. It's a very dangerous operation to have that done. It seems to me that it's a great example of what would be an independent contractor. Homeowners don't know how to do that. These other folks do. They have specialized equipment, specialized expertise, specialized knowledge. So that's why I'm concerned about the facts of your case and how they, it seems to me that baked into the facts is a lack of control. And let me make, I want to sort of tease your question, Judge Christin, because I think the Royer case goes to the application of the householder exemption. I appreciate that. And not to the specialized contractor doctrine. I appreciate that. Okay. But I think this, I think this case law is very tough for you and I don't hear you engaging in it. I mean, it's not enough. I mean, I'm just one, but to say that we've made the allegation of lack of control, I'm looking for the factual record, assertion of fact. And that's why I'm going to these facts to say, given the way, and this is uncontested, your complaint explains what they were doing there. That seems to cut sharply against you. I mean, I view our complaint as very, you know, as containing at least the bare minimum of what is required on the right to retain control, both factually and legally. At this juncture, the district court and this court are required to construe those factual allegations in plaintiff's favor and not resolve disputed facts, as the district court did on this record. And that's why I'm trying to focus on the factual allegations as opposed to just the conclusion that they retain control. And it seems to be the only factual allegations of retention of control seemed to be that he was looking out the window when the work was being done. I know you include the word monitoring, but that can include that can be done through the window, too. No allegation that he ever came outside and discussed it with anybody. Nothing from Vermeer that says, yes, we were waiting for instructions from him about how to do this. The other side submitted declarations. I don't think you did. And so I'm trying to figure out what facts are alleged that would lead me to conclude that you've plausibly pled control. And that's why I keep asking about the factual allegations. I mean, I think our main factual allegations, Judge Hurwitz, is in is in paragraph 40. And just as I think as easily as you can construe monitoring is looking out the window, you can construe it also, as I think the district court was required to do here in plaintiff's favor to be to be a closer connection between what's actually happening outside. And well, see, I'm not construing it. I'm not I'm sorry, I'm not construing it to say he was looking out the window. That's what you allege. Well, no, we allege he was monitoring the work. And I think that that's a that's a more active role, I think, than somebody who's just watching out the window. Is monitoring the same as control? I think it is an aspect of control.  Can you explain to us how in this particular case, if we were to make these determinations for the first in the first instance on appeal as to whether or not these allegations, which do, in fact, as you've indicated, at paragraph 50, paragraph 40, at least have they may be general allegations, but broad allegations of control. Tell me how that is going to impact our case law on the issue of fraudulent joinder. If we in this particular case, I think, do something that hasn't been done in previous cases, which is to evaluate the merits of these claims in the first instance on appeal. And I suppose I would respectfully, respectfully disagree, Judge, decide that it would change that you would be doing something that you weren't haven't already done. Grant in grand care, this court dealt with the question of whether this fraudulent joinder standard is the same as a did you plead sufficient facts on a Rule 12 motion standard. And so those two standards are different. And the any possibility standard means that you're not you're not evaluating the sufficiency of the allegations of the complaint. You're saying, is there any possibility under state law that this claim could go forward? I guess maybe you're misunderstanding my question. If in this case we go further and say sort of in the opposite of that and we say we are now looking at these claims and determining that they're not going to survive and they don't they are not viable. Tell me how that will require us to move away from our our prior cases that talk about what the standard is for fraud. Sure. OK, I'm sorry. I misunderstood your question. I think that's direct indirect contravention to grand care. I mean, I think grand care tells this court and district courts to look potentially beyond the factual allegations of a complaint. And is there any possibility? And if this court turns and says, no, we're going to look at the allegations of the complaint, we're going to do a deep dive into the merits, which is what we perceive the district court to have done here. That's that's what, in my view, grand grand care says that this court doesn't do. And it's not the departure from grand. It would be a significant departure from grand care in our view. Go back to Royer. Is there an allegation in your complaint about commercial use? They're a commercial purpose. That. I don't know, I would have to look at the complaint, I don't know that there is a commercial purpose allegation specifically as to I mean, there's there's a sort of the nature of the work allegations I'm looking at. You're talking about this is this is all premised upon a workplace and this is their private home, right? Isn't aren't these trees being taken out of a backyard or maybe it's a front yard? I mean, what we know is that they live on this property and they own the property. Yeah, I don't think there's any other allegations. And certainly no evidence about what they do with other aspects of the property and whether that's non-commercial or commercial in nature. OK, well, can I ask one more question about the last thing you said? I take it we agree that liability could not be imposed on the homeowners simply because they own the property, correct? Solely because they own the property. Correct. Yes. No other allegations of control, supervision. I think that's right. Yes. OK, if I might reserve my last. Oh, we'll put a couple of minutes when you come back. We took up a lot of did I did I fully get your not really. But that's OK. I think it was me that didn't articulate it very well. You might want to take a peek, though, if you could, if you've got a citation for me about where there's an allegation regarding commercial purpose, that would that would be great. When you come back, please plan on two minutes for the clock. May it please the court and counsel, my name is Sarah Kovac for the respondent, Vermeer Manufacturing. The fraudulent Joinger analysis in this case does not involve any close questions of state law, nor does it involve any factual disputes as the district court recognized plaintiff's own factual allegations confirm that plaintiff cannot state a viable claim against the sole resident defendant as a matter of well-established Oregon law. And that is because Oregon long has recognized that homeowners are true. That might be true that you can move to dismiss these claims and win early on in the case. But that is a different standard than the fraudulent Joinder standard that we apply. The fraudulent Joinder standard is different than the 12B6 standards. We don't we don't disagree with that. That was made very clear in the grand care case. But the fraudulent Joinder standard necessarily requires the district court to look at what claim what are the facts that are alleged in the complaint and do they state viable claims? The difference with the 12B6 rule analysis in the fraudulent Joinder is the district court is looking at whether the claims fail as a matter of well-established Oregon law. But it's not a close call. These are obvious failures to state a claim. Maybe you can point me to the cases that you are relying on to make the argument that it is well as I understand that there are cases that under the particular facts of those cases, as decided, may have resulted in a claim failing for a particular plaintiff. But where is there a case that says there can never be a claim made that a homeowner who is exercising control, I think, as as your friend on the other side argued a moment ago, there were at least these these general allegations of control, monitoring, etc. Point me to a case that says under no circumstances can that state a claim. So I think we would disagree with the premise of your Honor's question, which is that the the allegations in this complaint are sufficient to state that the that the homeowner retained control. OK, let's just assume for a moment then that I think that there are at least some basic claims of control. The real question I'm asking you is to point me to a case that forecloses an argument under these particular under the E.L.L. the O.S.E.A. What case says you cannot allege some sort of monitoring and control to state a claim against the homeowner? So I think if a complaint alleged facts that a homeowner actually was exercising control and had expertise, for example, in this area, but was actually on site monitoring, participating in the project, it could be a different case. But I think it's really critical to recognize that that's not this case. There isn't any case under Oregon law that states generally that there cannot be a viable claim or you cannot even assert a claim against a homeowner property. If you allege that there is monitoring control, you agree with me? Well, I think under the specialized contractor rule that Oregon applies, there is really three things that that matter. One, that the harm was the result involved. You keep pivoting away from my question. I'm asking you for a case that forecloses this claim as generally as you're arguing and you're not giving me a case. And I think that's because there is no such. Yeah, Your Honor, I would agree. I think the control is a pivotal question and and our position here is that it is entirely lacking in this complaint. What the let me let me let me follow up on Judge Desai's question. It seems to me that your position is there's plenty of Oregon case law that says in the absence of something more. Merely hiring an independent contractor to do this kind of work that results in this kind of accident doesn't impose liability on the. On the homeowner, I don't think anybody disagrees as to that, so you're your real argument is, I take it that it we cannot there's no there's no way to read this complaint as providing the basis for that's right, that's control. That's right, Your Honor. Judge Desai's question is, no, there are no cases. There are no cases. And I and I guess I would ask you to assume that control was properly alleged. And so the question for us, it seems to me, is at this stage of the litigation, when we only have a complaint to look at and a declaration by your your side. How positive do we have to be that the plaintiff's lawyers couldn't have done a better job if they'd only understood what they were supposed to do? So I think I think there's two key things to recognize. First, going to the facts that are alleged in the complaint, Oregon law is very clear that the mere fact that a property owner is on site and is monitoring the work, that is not enough to establish control. And the best case for that is the George versus Myers case. That was the case where the property owner was on site. He was, in fact, a general contractor. There was no dispute. The facts show that he regularly checked in, monitored the work. But the court said he was not either an indirect employer for purposes of the ELL, nor was he subject to liability under the specialized contractor exception. And that is because it matched exactly the fact patterns here. What stage of the litigation was that determination made in that case? I I want to say that it was at the summary judgment stage. That's correct. But but what I but what I think is important to recognize in this case is the court does have to look at what were the facts that were alleged in the complaint. Yeah, I agree with you. But I guess my point in asking you about the stage of the litigation is that if this were a case where we were just deciding the claims on their merits, either a motion to dismiss or summary judgment, we would be in a different place. But we are needing to apply our case law that talks about this higher standard at the fraudulent joinder analysis. And you're right, we have to look at the allegations because we have to determine whether there's not even a mere possibility of a claim being asserted. And I'm having trouble understanding how we do that at such an early stage, given the heightened standard for under our fraudulent joinder cases. Thank you, Your Honor. So I think what's important here is that the plaintiffs had an opportunity to amend their complaint. This was not a case where the complaint was dismissed with prejudice. They had an opportunity to amend their complaint. If they had additional facts that they could have alleged or they they wanted to allege to show the right to control, to go beyond just this conclusory legal allegation that the Richards had a right to control, when in fact the only factual allegations were that they hired the tree company. Mr. Richards just happened to be home when the incident occurred and he was looking at his window, even accepting the characterization that he was monitoring the work. Oregon law is clear that's enough. And the court, the district court said it's not enough for you to say right to control. Alleged, identify facts that show that your facts contradict that. You just said that's enough. You meant not enough. I'm sorry. Yes, that's not enough. Your position has to be looking out the window. That's correct. I mean, but even if Oregon law is clear, just looking out the window, monitoring work is not enough to establish the right to control. And the, the, and George is the best case. Yates is another case. Yates versus Polygon is another case where it was a general contractor. They had the right to monitor the project, but they did not have sufficient control. They did not have the specialized expertise and they were relying on the expertise of the contractor they hired. And that's exactly the rule that Oregon applies. It is an average homeowner does not know and reasonably cannot be expected to know about the dangers of specialized equipment or what types of safety protocols should be applied in a particular project. That's the thing about this case that strikes me as somewhat different when we talk about what is the plausible allegation. And in particular, because I think control is very important. I also think I'm hoping, hope springs eternal that we're going to talk about Royer at some point. Oh, yes. Sorry. But it seems to me that we do look at, I mean, Judge Desai's point is very well taken and you've acknowledged that this is a very different standard. So when we look at what is plausible allegation of control, it matters on my score card that we're talking about removing really tall trees and it's specialized equipment and knowledge and it's a very dangerous operation. But I don't know that the case law really tells me that so much as I think that just gets baked into the plausibility standard that we use. And I want to, I want you to correct me if I'm wrong. Well, I think you're right. I mean, I think the very purpose of the specialized contractor rule is the recognition that property owners or people who hire contractors to do work can't be expected to know the work. But these cases... It's kind of a slippery slope and it goes to Judge Desai's point, which is, you know, right at the very outset of the litigation and we're going to view these facts in the light most favorable, right? And so this may be a particular fact pattern that strikes me as being on sort of one end of the spectrum just because of the nature of the work. But I don't know that I've seen Oregon courts really, really factor that in very much. Anyway, I'm sorry, that wasn't really a question, unless you want to comment on that, but I'm really hoping you're going to talk about Royer so that I can figure out where to file that. Yeah, well, the Royer case is really on all fours. It was a case where homeowners hired a tree removal company to remove large trees from the property. It was a rural property and they removed large trees. And one of the arguments that the plaintiffs made in that case is exactly the argument that plaintiffs made here, which is that this type of work is sort of industrial in nature, the removal of trees. That case, they were removing trees and milling the lumber to use on the  And the Oregon Court of Appeals said, no, what matters is the nature of the work and its location, namely that it involves home maintenance and removing trees is a very ordinary home maintenance task. Homeowners often have to remove trees because they're diseased or maybe dangerous. And so what matters is really the nature of the work and where it's set in a private home. You're confusing me because it's either extraordinary and dangerous or it's ordinary. And now you're Well, it's an ordinary task that's dangerous. So it's a dangerous task that homeowners commonly need to do. Common may be the better word. But what if I wanted to have something dangerous done, like remove a beehive? But I said, I don't want you to I condition this contract on you can't use pesticides. I want to make sure that there aren't toxins introduced into my backyard. Would that be a different scenario? It'd be dangerous. I would there's special expertise to remove bees. I think it would be a different situation because it wouldn't be an example of whether where the homeowner is retaining a right to control the method in the manner here. All that is alleged is that the Richards retained control over the scope of the work. In other words, they defined what work needed to be done. Well, is that OK? So let's talk about the scope of the work, because I think you do make that concession that they retain control over that. Was it was there more to that than saying these are the three or four trees you want taken out? That's the allegations in the complaint, and that's what's alleged in the declarations. I think it's really important to note that declarations don't contradict the allegations in the complaint. They merely reaffirm what's in the complaint, which is that the Richards hired ITC to remove the trees. ITC, by plaintiff's own allegations, supplied the equipment and control and directed plaintiff how to perform the work. And the only involvement of the Richards was being hiring them, telling them what trees to remove and being in the home and looking out the windows. And one more hypothetical. What if I were a really precise gardener and I hired somebody to come prune my prize lilacs or something? And if there I can imagine it just seems to be to be a continuum where there would be more control, certainly if somebody wanted to be able to say, no, you're only pruning, you're not taking them out. You prune them and I don't want you to do this or that, or maybe I'd open the window and hollered out about how I want them to do their work. So in other words, in this particular complaint, I'm like, I think what Judge Hurwitz is saying is resonating with me and I'm looking for what were the allegations of control? And I think your rule may be a bit extreme, but maybe your point is you don't have the allegations here. All of these trees were taken out completely or to be taken out completely? Right. The trees were, the allegations in the complaint and the allegation, I mean, and what the declarations confirm is they hired them to remove four trees. ITC supplied the equipment and told the plaintiff how to perform the work and they did the work as directed by ITC. It's not enough then to say that it's just yard work because there's a lot of yard work and you would agree that some of it would and some of it would not fall within this exception, right? Well, I think this clearly falls as a type of home maintenance project. Actually is, is that it's the, that claims like of this nature are foreclosed by the ELL and OESA period, right? I mean, I'm trying to figure out why you're not taking this case to the Oregon courts to make this determination so that you then do have a case that you can point to that says these kinds of claims are foreclosed. Well, I think the Oregon law is clear on that based on the allegations in these Again, the George versus Meyer case is one, the Yates case is another. When the only... Well, those are cases that are decided based on the facts of those cases as opposed to sort of this broad legal pronouncement that I think you need to be able to show under our fraudulent joinder law. So I guess what I'm saying is it's possible that there may be a decision out of the Oregon courts that sort of makes a broader legal, you know, pronouncement that under as a, you know, sort of basic tort law principles, you can't have this kind of liability for homeowners when they are hiring expert, you know, independent contractors to do the work. You may be able to achieve a ruling like that, that would foreclose these kinds of claims, but there isn't one right now. And Your Honor, we would just strongly disagree with that. Oregon law is very clear that it has, since 1971, it has applied this specializer contractor rule. And when the only facts that are alleged is that the property owner happened to be present and observed the work, Oregon case law, existing case law is very clear that that is enough. And the court cannot speculate that the plaintiff might be able to allege additional facts. There is no allegations. They had an opportunity to do so. And so the cases that you're talking about where it's very clear, you would say, are George v. Myers and Yates. And Yates. Both of them are cases where they were general contractors. They were present. They monitored the work. And the Oregon courts are very clear. That is not enough to establish control. And so for this court to find that it's enough, you'd have to rely on this general allegation that Richards had a right to control. The only specific factual allegations are those in paragraph 50, which is that they hired them. They happened to be home. Mr. Richards happened to be home. And he looked out the window and monitored the work. Oregon law is very clear that that is not enough. And again, the plaintiffs had an opportunity to amend their complaint. If they had additional facts to allege about control, they had an opportunity to do that. The district court was required to look at what was actually alleged in the complaint and decide whether it stated a viable claim. And that's the same position that this court is in. Can I ask a procedural question? Oh, yes. I know we're taking you over time. You said they had the opportunity to amend their complaint. And you said before the judge dismissed the claim without prejudice. But this was a remand motion, was it not? This was a remand motion, but they had an opportunity. How did that procedurally occur? Just tell me how the opportunity to amend procedurally occurred. My understanding is that the complaint was dismissed without prejudice. And rather than seek leave to amend... Well, the complaint wasn't dismissed without prejudice. It's in front of us. So I'm trying to figure out... Defendants were dismissed. I'm so sorry. Yes, the claims against these defendants were dismissed, but without prejudice. And rather than seek leave to amend, the plaintiffs said no, presumably because they couldn't allege additional facts. That's all I needed to know. Yeah. Thank you, Your Honor. Briefly, Your Honor, I want to touch briefly on the state of Oregon law, specifically the representations about the George case and the Eads case. The George case, I think, was on summary judgment after a fully developed factual record. And it's clear in that case, and it was clear based on the contract that was in evidence in that case and the other facts in that case, that the only right to control was as to the scope of work. We have alleged something different as to the manner and the method and facts supporting that. So I think that is not clear, obvious Oregon law that required dismissal of these claims here. Eads was also a case that was remanded back to the trial court and was very favorable to the plaintiff in the sense that the defendant there was the general contractor and the owner. And the Supreme Court remanded for determination on the right to control against that individual after the defendant had prevailed below. And so I don't think those cases either are clear, obvious Oregon law, settled state law that require dismissal here. But let's assume for a second that there had been no allegation here of him looking out the window and monitoring the work. And would this, would we then have fraudulent judgment? Would, say that again, Judge Hurwitz? I'm sorry. Well, as close as I can tell, the factual allegations, whatever they are, take those factual allegations out for a second. Let's just assume that the rest of the transaction is alleged as it is. Would it meet the higher standard for fraudulent judgment at that point? In other words, all you allege is that they hired these people to do the work. They did the work and your client, the plaintiff got hurt. I think, Your Honor, with the right to control and right to control the manner and method as you're putting aside the monitoring. I, now we're talking past each other. I'm asking you to assume that all you alleged in a complaint, a different complaint, not this one, is that they hired the people to do the work. They did the work. The winch broke. The guy got hurt. Would you agree that under Oregon law, it would be obvious that you had no claim against the homeowners? I think that is a much more difficult case. Yes, Your Honor. I understand. That's why I asked you the question. The standard under grand care or grand care makes clear to this court that the standard is not failure to state a claim under Rule 12. No, I understand all that. I'm taking, it's a higher standard.  I'm asking, I don't think you conduct this one. So let's assume you just have a complaint that says we had trees in the yard. We hired these guys to take them out. They took them out. And when they took them out, the winch broke and my client got hurt. And I want to impose liability on the homeowner. I think there's a problem. Would that be sufficient to keep your case in federal court under diversity? To keep the case in state court. Because the question, I'm asking that because it's only the Richards. Yeah, I guess I think if the standard is not Rule 12, if the standard is not a pleading deficiency, then yeah, there is a possibility on that. But you're still not answering my question. No, I'm trying. There's a possibility on that. Let me tell you why I'm asking it. We're trying to figure out, all the three of us, what more is needed at this stage of the litigation in order to the judge to make this conclusion. And it can't be that, well, maybe later on we'll come up with more facts. Or maybe later on we'll come up with a different theory. So I'm trying to strip the complaint to its bare minimum. The complaint just simply said we hired the tree service. Nobody watched them. Nothing else happened except the accident. Wouldn't you agree that it would be obvious under Oregon law that there was no liability on the part of the tree, of the homeowners? I think potentially, yes. I hear you saying that if you had a complaint that just had count one, violation of the ELL, count two, violation of the OSEA, that there would be a closer question as to whether or not we could determine at this stage of the litigation that the defendants were fraudulently joined. It would be a closer question. I don't hear you conceding that we would, under those facts, still have a clear path to affirming. But that isn't this case. So in addition to having count one, this is a violation of ELL, count two, this is a violation of OSEA, you have allegations that at least, you know, we can all debate how clear or robust those are, but there is something more than just stating a claim, or I shouldn't even say, you shouldn't use those words, it's a term of art, writing violation of ELL. Correct. Okay. Yes. Right. So let me stay with this because I think Judge Desai identifies the point that we need to worry about. So I want to be clear about it. You do allege other things, they owned the house, they hired the people. I mean, those are all facts that are alleged, but you do agree that in the absence of something more, whether it's appropriately alleged here or not, whether you need something more in the complaint, that's not enough to impose liability. Merely owning the house and hiring the contractor is not enough to impose liability. I agree with that. I want to ask about George. I want to ask about this question about George. I really don't see you grappling with this case, right? The defendant, that's the general contractor. It says that he checked in almost daily to answer questions, ensure that the subcontractor was following his design plans as he was framing this house. I'm sure you're familiar with this case, right? And then they talk about the general retaining the scope of the work, only the scope of the work and saying, but the sub, but the defendant wasn't controlling the method and manner in which the subcontractor completed the work and the court said that's not enough. So I'm comparing that language with the allegations in your complaint. What am I missing? I mean, our allegations, we include allegations that the Richards defendants were controlling the method and manner. That is different from George. So, well, you've got the, okay, so apart from what you've mentioned, which is the assertion, in terms of facts, we don't have any other factual allegations to support that. The factual allegations are what, I mean, the monitoring and the presence on the property. I think that you've answered that question. So I'm not going to belabor it, but that's the case that's troubling me on that side. So now can you, since you're almost five minutes over your time, I just really would like to hear your response to Royer because it strikes me as a case that is, I don't know if it's on all fours, but it's awfully close. I, so I think, so Royer, in our view, goes to the householder exemption, not the specialized contractor doctrine. And the Oregon Court of Appeals and Royer made clear that on a very fact-heavy record in front of an ALJ, that the touchstone, and that's the word that the Court of Appeals uses of the exemption, is the location and nature of the work as fundamentally private or non-commercial. And to your question earlier, Judge- Questions about where do you allege anything about whether this is private and non-commercial? Do you? Well, so the, there's no, there's no allegation about commercial or non-commercial. There's allegations about the nature of the work. In our view, this is not clearly private and non-commercial work. Because? We've phrased, because it is large-scale, you know, they're removing heavy 200-foot trees, and there's a large-scale operation here with heavy, dangerous, risk-producing equipment. It's unlike sort of gardening and yard work and the stuff that I was-  Mentioning earlier. So you put this in a different category because it requires heavy equipment? Because? Yeah, because it is sort of different in kind. And because there's no, I mean, we're, again, this is sort of goes to the posture at which we are sitting here today, which is the absence of a developed factual record. At this stage, we construe all these facts in plaintiff's favor. And it may be, and there's no allegations here, and there's no contrary statements from defendants about commercial aspects of this property that may make this case or these facts very different from Royer. And we just don't know that at this stage. Did you have an opportunity to amend your complaint for a second time? So the court did dismiss, entered a judgment of dismissal without prejudice. We did not amend- Another way of saying yes. I mean- Yes. Is it a yes? Yes. Okay. Yes. I, you know- I'm sorry, I don't understand what you're saying yes to. So I'm, my question is, was there a request by the plaintiffs to amend their complaint a second time? No, no. The court dismissed without prejudice, but there was not a request to do that. Was there any discussion about giving the plaintiffs leave to amend their complaint before dismissing the claims against- Not of which I'm aware. So maybe I am mistaken. Are you telling us then you think that you did not have the opportunity to amend again? It was dismissed without prejudice. So I thought that you were baking in that you did have the opportunity. Maybe my assumption's wrong. I think it's, you know, I think it's a little unclear to me, Your Honor, frankly, because the district court made a jurisdictional determination and said that there's no, under its view of the record, there's no possibility of a viable state court claim here. And so- The district court said you could, didn't dismiss the state court claim with prejudice, and therefore you had the opportunity if you wanted to, to amend the complaint. I take it you decided not to, not knowing you had that opportunity. Right. But decided not to. Right. I mean, it's frankly difficult to do so in the face of a district court ruling saying there's no possibility of a viable- Yeah, you would have had to ask- I'm not asking why you decided it. I'm just asking, you decided that for whatever reason you didn't want to amend the complaint. You'd rather come up and appeal, and that's fine. I'm just, I just want to make sure that you weren't prevented the opportunity from amending. No, we were not. You're now eight and a half minutes over your time. Thank you, your honors. We would request that the court- Both for your arguments. We'll take that matter under advisement. Stand in recess, please. Thank you. All rise.
judges: CHRISTEN, HURWITZ, DESAI